**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BALDEMAR UGARTE AVILA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-cv-9061 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| ILLINOIS DEPARTMENT OF HUMAN | ) | |
| SERVICES, WESTERN OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Baldemar Ugarte Avila ("Plaintiff") alleges that the Illinois Department of Human Services ("Defendant") discriminated against him in violation of the American with Disabilities Act and the Rehabilitation Act by terminating him and failing to reasonably accommodate his disabilities. Defendant moves to dismiss [14] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants Defendant's motion to dismiss [14].

**I.    Background**

The following facts are taken from Plaintiff's complaint.[1] Plaintiff is a former employee of the Illinois Department of Human Services in the Department's Western Office. Plaintiff claims that Defendant violated the Americans with Disabilities Act (ADA) and/or the

---

[1] In his response to Defendant's 12(b)(6) motion [18], Plaintiff has included several exhibits, some of which deal with factual allegations not set forth in Plaintiff's complaint. The Court must consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," as well as additional facts included in the plaintiff's opposition brief, so long as those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012). Citations to Plaintiff's complaint will refer to the relevant paragraph (*e.g.*, [1] at ¶ 9), while citations to Plaintiff's attached exhibits will refer to the relevant page (*e.g.*, [1] at 9).

Rehabilitation Act by terminating his employment and failing to reasonably accommodate his disabilities. [1] at ¶ 9, 12. Plaintiff provided Defendant with "several medical notes * * * documenting [his] injured status and request for employment accommodations," but the "DHS Western Office Administrator and the Secretary" of the Department denied his requests. *Id.* at ¶ 13.

In addition to multiple medical records documenting Plaintiff's medical conditions, Plaintiff attached as exhibits to his complaint a State of Illinois form dated November 11, 2002, requesting a reasonable accommodation for a "lower back strain (plexopathy lumbar, radiculopathy, bulging disk)," which made him "unable to sit for long on hard seats or seats not well cushioned" as required by his work as a caseworker at the office. *Id.* at 7. Although there is nothing in the complaint or the exhibits as to how Defendant responded to that request from November 11, 2002 (nor is that form date-stamped), Plaintiff did attach a form entitled "Appeal of Denial of Reasonable Accommodation Request dated December 24, 2002" in addition to a form filled out by Dr. Jose L. Medina, MD on December 23, 2002, which confirmed Plaintiff's medical condition, listed that Plaintiff could not sit without a reasonable accommodation, and that Plaintiff "needs a chair with a good cushion, arms, and a head rest." *Id.* at 9, 11. The December 24, 2002 form does bear indicia of Defendant's response, which was to deny Plaintiff's appeal. *Id.* at 10. Plaintiff also claims that he filed a charge against Defendant with the Equal Employment Opportunities Commission (EEOC) on December 24, 2002 and on January 13, 2005 as well as a complaint with the Illinois Department of Human Rights on January 28, 2005. Confusingly, in his complaint, Plaintiff maintains that he received a final agency decision on January 22, 2003. See [1] at ¶ 7(b).

In addition to bringing claims under the Americans with Disabilities Act and the Rehabilitation Act, Plaintiff wrote "Article IX of the Collective Bargaining Agreement" in the margins. See [1] at ¶ 11. Plaintiff attached a contract grievance that he filed with his union, AFSCME Local No. 2808, dated October 10, 2003, in which he stated that he had been "discharged and/or suspended pending discharge without just cause in violation of Article IX and all other pertinent articles and sections of the collective bargaining agreement." *Id.* at 24. However, there is nothing in the complaint or the exhibits that suggests what, if anything, has come of that union grievance. Plaintiff sued the Department, alleging that it had fired and refused to reasonably accommodate him in violation of the ADA, 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, which forbids discrimination on the basis of disability by agencies, such as the Illinois Department of Human Services, that receive federal money.

## II.     Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement

need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

## III.    Analysis

Defendant moves to dismiss pursuant to Rule 12(b)(6), arguing (a) that Plaintiff's claims under the ADA and the Rehabilitation Act are time-barred, (b) alternatively that Plaintiff cannot receive punitive and liquidated damages under either statute, and (c) that to the extent Plaintiff is bringing a claim pursuant to a collective bargaining agreement, Plaintiff has failed to allege facts that would state a claim. Before the Court turns to those arguments, the Court first considers Plaintiff's assertion that the Court procedurally erred by failing to send "an appointment with date and time from the US Court, to appear before the judge to litigate [his] case." [18] at 2. Defendant properly noticed its Motion to Dismiss and served Plaintiff on January 25, 2016— nine days before the February 4, 2016 hearing. See [16]. The Court entered an order allowing Plaintiff five weeks to respond to Defendant's Motion to Dismiss. See [17]. Accordingly, Plaintiff received proper notice and sufficient time to respond to Defendant's motion.

Furthermore, the Court notes at the outset that Plaintiff does not cite any legal authority to respond to any of Defendant's asserted grounds for dismissal. This failure on Plaintiff's part furnishes the Court with yet another reason to dismiss this case. The Seventh Circuit has held that if a defendant provides plausible grounds for granting a motion to dismiss, the Court need "not * * * do the plaintiff's research and try to discover whether there might be something to say

4

against the defendant['s] reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999); see also *Lekas v. Briley,* 405 F.3d 602, 614-15 (7th Cir. 2005) (affirming district court's dismissal in part where "[Plaintiff] did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss"); *Stransky v. Cummins Engine Co.,* 51 F.3d 1329, 1335 (7th Cir. 1995) ("The federal courts will not invent legal arguments for litigants.") Nevertheless, despite Plaintiff's failure to meaningfully respond, the Court will assess the merits of Defendant's arguments.

**A.      Whether Plaintiff's Complaint is Time-Barred by Statute of Limitations**

The Court first considers whether Plaintiff's discrimination claims against Defendant should be dismissed because they are time-barred under the relevant statute of limitations. Generally, a statute of limitations bar is an affirmative defense, and it is "irregular" to dismiss a claim as untimely on a motion to dismiss. *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (citation omitted). However, the Seventh Circuit "recognizes that a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (citing *Massey v. Merrill Lynch & Co.,* 464 F.3d 642, 650 (7th Cir. 2006)). Dismissal under Rule 12(b)(6) thus is appropriate when the plaintiff effectively pleads himself out of court by alleging facts that are sufficient to satisfy a statute of limitations defense. *Hollander*, 457 F.3d at 691 n.1. A defendant may raise the statute of limitations in a motion to dismiss if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005); see also *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009) (explaining that it is appropriate to consider the statute of limitations at the motion to dismiss stage when "the

relevant dates are set forth unambiguously in the complaint").[2]   In these circumstances, the question is whether the Plaintiff's complaint includes a set of facts that if proven would establish a defense to the statute of limitations.  *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003).

In his complaint, Plaintiff alleges that Defendant discriminated against him on November 11, 2002 and December 24, 2002.  Plaintiff claims that he filed a charge against Defendant with the Equal Employment Opportunities Commission (EEOC) on December 24, 2002 and on January 13, 2005, as well as a charge with the Illinois Department of Human Rights on January 28, 2005.  Confusingly, in his complaint, Plaintiff maintains that he received a final agency decision on January 22, 2003 (presumably from the EEOC, although the complaint and the attached exhibits do not clarify this point).  See [1] at ¶ 7(b).   As the Court cautioned in its order granting Plaintiff's application to proceed *in forma pauperis*, [6] at 2-3, Plaintiff would have needed to file his complaint under the ADA within 90 days of receiving notice of the EEOC's decision.  See *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009) (citing 42 U.S.C. § 20003-5(f)(1)).  In this instance, that date would have been approximately April 22, 2003.

As for Plaintiff's Rehabilitation Act claim, the Seventh Circuit has held that Illinois' two-year statute of limitations for personal injury claims applies to claims brought under the Rehabilitation Act.  See *Rutledge v. Illinois Dep't of Human Servs.*, 785 F.3d 258, 260 (7th Cir. 2015) (citing *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 n.5 (7th Cir. 2000)).  Because Plaintiff's complaint was filed on October 13, 2015, more than a decade after the allegedly discriminatory suspension took place, as with the ADA, his suspension claim cannot be sustained under the Rehabilitation Act.

---

[2] A statute of limitations argument more typically might be raised in a motion for judgment on the pleadings under Rule 12(c), but "the practical effect is the same."  *Brooks*, 578 F.3d at 579.

Last year, the Seventh Circuit reversed a district judge's dismissal of a Rehabilitation Act claim, in part, because "it can take a long time for a discharge to ripen." *Rutledge*, 785 F.3d at 260. In *Rutledge*, the plaintiff sued his employer eight years after he was suspended, alleging that he was fired in violation of the Rehabilitation Act. *Id.* at 258. The Court of Appeals reversed, in part, because it was "unclear whether [the plaintiff] was discharged until shortly before he sued" or that the plaintiff "may not yet have been formally discharged." *Id.* at 260. Although the plaintiff in *Rutledge* sued eight years after his suspension, "[m]uch of the eight-year period was consumed by an investigation by the Illinois Department of Children and Family Services that ended in 2014 with the dismissal of the child-abuse charge against the plaintiff," and it was not clear from the pleadings "when the Department of Human Services changed his suspension to a discharge." *Id.*

*Rutledge* would control in this case only if the Court could not determine when Plaintiff ceased working at the Illinois Department of Human Services. However, unlike in *Rutledge*, in this case "the relevant dates are set forth unambiguously in the complaint." *Brooks,* 578 F.3d at 579. The pleadings indicate in multiple places that Plaintiff has not been an employee of Defendant since 2003. In his complaint and the attached exhibits, Plaintiff represents that he was last employed in August 2003. See [7] at 5 (requesting relief in the form of "retro pay for 10 years my employer left me without a paycheck * * * dating back to 2003"); [7] at 20 (Plaintiff's EEOC questionnaire in which he lists his dates of employment at Department of Human Services "from 4/94 to 08/03"). Furthermore, as the Court noted in its earlier order granting Plaintiff's motion to proceed *in forma pauperis*, Plaintiff averred in his financial affidavit that he was "last employed in April 2003." [6] at 1.[3] Whether Plaintiff no longer worked at the Illinois

---

[3] When Plaintiff filed his union grievance, he wrote that he had been "discharged and/or suspended pending discharge," but the Court cannot find anything else in Plaintiff's complaint that suggests he was

Department of Human Services in April or in August 2003, Plaintiff's claims under the ADA and

Rehabilitation Act are time-barred. Plaintiff has effectively "pleaded [himself] out of court by

pleading facts that establish an impenetrable defense to its claims"—namely, the two-year statute

of limitations that applies to Illinois claims brought under both the ADA and the Rehabilitation

Act. See, *e.g.*, *Bonnstetter v. City of Chicago*, 811 F.3d 969, 974 (7th Cir. 2016).

### B. Alternative Grounds for Defendant's Motion to Dismiss

Although not necessary to the disposition of this case, in the interest of completeness the

Court also addresses briefly Defendant's proposed alternative grounds for dismissing this case.

In addition to arguing that Plaintiff's two claims are time-barred, Defendant contends that (1)

Plaintiff fails to sufficiently plead either claim and (2) to the extent Plaintiff attempts to state a

claim pursuant to the Collective Bargaining Agreement between the State of Illinois and his

union, that claim is preempted by federal law.[4]

### 1. Whether Plaintiff Sufficiently Pleads ADA or Rehabilitation Act Claims

In order to state a claim under the ADA or the Rehabilitation Act, Plaintiff must plead:

(1) that he has a qualifying disability within the meaning of the statutes; (2) that he is being

denied the benefits of a public entity's services, programs, or activities, or is otherwise

---

suspended. [1] at 24. In Plaintiff's response [18], he writes that Defendant's failure to accommodate is disability has "kept [him] away from continued employment at IL DHS from 05/2003 up to the present." [18] at 2. Later in his response, Plaintiff "demand[s] that [his] employer pay [him] for 10 years of lost wages." *Id.* at 8.

[4] Plaintiff requests punitive and liquidated damages in his complaint, [1] at ¶ 16(g), but Defendant rightly points out that neither would be available remedies in this action. 42 U.S.C. § 1981a(b)(1) bars punitive damages with respect to ADA claims against "a government, government agency, or political subdivision." A state agency, such as the Illinois Department of Human Services is considered a governmental agency. See, *e.g.*, *Hudson v. Illinois Dep't of Human Servs.*, 2003 WL 2283919, at *4 (N.D. Ill. Nov. 25, 2003). Punitive damages are also not available for a violation of the Rehabilitation Act. Barnes v. Gorman, 536 U.S. 181, 189 (2002). Nor does the ADA or the Rehabilitation Act allow for liquidated damages as a remedy. See, *e.g.*, Sanders v. Illinois Dep't of Cent. Mgmt. Servs., 2012 WL 54591, at *2 (C.D. Ill. Feb. 21, 2012). Given that Plaintiff's claims are time-barred, Plaintiff's requests for punitive and liquidated damages are moot and need not be stricken.

discriminated against by the public entity; and (3) that the exclusion, denial, or discrimination is because of his disability.  See 42 U.S.C. § 12132; *Novak v. Bd. of Trustees of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015).  A claim under the Rehabilitation Act must meet the additional requirement that the program in question receives federal funding, which Defendant does.  See 29 U.S.C. § 794(a).

The ADA provides that an employer shall not "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); see also *Mattice v. Mem'l Hosp. of S. Bend, Inc.*, 249 F.3d 682, 684 (7th Cir. 2001).  A Title II ADA claim can be based on one of three theories: (1) intentional discrimination on the basis of a disability, (2) disproportionate impact on disabled people, or (3) a refusal to reasonably accommodate disabled people.  See *Wis. Cmty. Servs., Inc. v. City of Milwaukee,* 465 F.3d 737, 753 (7th Cir. 2006) (en banc).  Plaintiff brings his claims under the third theory—failure to accommodate.  See *id.* at 753 ("Plaintiffs need not allege either disparate treatment of disparate impact in order to state a reasonable accommodation claim under Title II of the ADA.")

Defendant argues that Plaintiff fails to allege that these conditions "substantially" limit his ability to sit or that he has any other qualifying disability under the ADA.  See [15] at 6.  The Court is not persuaded by this line of argument.  Plaintiff's *pro se* complaint lists with specificity the nature of his medical condition.  See also [16] at 2 ("As an injured employee, I had the legal

right to request employment accommodations, specifically new chair(s) well padded, so I would not reinjure my rectum, coccyx, and pudendal nerve.")  Plaintiff also attaches various doctors' notes that suggested he needed special accommodations.  For instance, Plaintiff attaches a form filled out by Dr. Jose L. Medina, MD on December 23, 2002, which confirmed Plaintiff's medical condition, noted that Plaintiff could not sit without a reasonable accommodation, and advised that Plaintiff "needs a chair with a good cushion, arms, and a head rest." [1] at 11. Plaintiff also attaches a note, dated April 23, 2002 from Dr. Antonio Ramos that Plaintiff needed a new and soft seat to pursue his normal duties on the job. *Id.* at 10.

Nonetheless, Plaintiff has not sufficiently pled that he is qualified to perform the essential functions of a caseworker at the Illinois Department of Human Services.  "To establish disability discrimination, a plaintiff must prove that (1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of the job, either with or without a reasonable accommodation, and (3) she suffered from an adverse employment action because of her disability."  *Hoppe v. Lewis Univ.*, 692 F.3d 833, 838-39 (7th Cir. 2012).  If the case were not subject to dismissal on statute of limitations grounds, the Court would have allowed Plaintiff an opportunity to replead this claim.

### 2. Whether Plaintiff's Claims Based on the AFSCME Collective Bargaining Agreement are Preempted

Defendant argues that the Court should dismiss Plaintiff's complaint to the extent Plaintiff attempts to state a claim pursuant to the Collective Bargaining Agreement between the State of Illinois and AFCSME.  See [1] at 4, 24.  Plaintiff is a public sector employee alleging a violation of his collective bargaining agreement.  Because adjudication of that issue would require the Court to interpret the collective bargaining agreement, his claim is governed by the Illinois Public Relations Act (IPLRA), 5 ILCS 315/1 *et seq.*  The Illinois Labor Relations Board

has exclusive jurisdiction over IPLRA claims, which encompasses matters involving collective bargaining agreements between public employers and employees, including breach of contract claims. See *McGreal v. Vill. of Orland Park*, 2013 WL 3984477, at *11 (N.D. Ill. Aug. 2, 2013). As a result, the Court lacks subject matter jurisdiction over any claim brought by Plaintiff relating to interpretation of the collective bargaining agreement. See*, e.g.*, *Matthews v. Hughes*, 2015 WL 5876567, at *5 (N.D. Ill. Oct. 5, 2015) (dismissing ILPRA claim because of lack of subject matter jurisdiction; *McGreal*, 2013 WL 3984477, at *11 (same). The Court can find no indication in either Plaintiff's complaint or any of the attached exhibits that Plaintiff exhausted the grievance procedure or that it would have been futile to do so.[5] Consequently, any claim being asserted by Plaintiff may be in violation of his Collective Bargaining Agreement. Although the Court holds allegations in a *pro se* complaint to a less stringent standard, the Court is not required to "fill in all the blanks in a *pro se* complaint." See *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996). Accordingly, to the extent that Plaintiff's complaint is stating an unfair labor practice claim against his union, any such claim would be subject to dismissal for failure to state a claim.

**IV.   Conclusion**

For the reasons set forth above, Defendant's motion to dismiss [14] pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted, and the case is closed.

Dated: July 5, 2016

Robert M. Dow, Jr.
United States District Judge

---

[5] In Plaintiff's response [18], Plaintiff does append a charge by Plaintiff filed against AFSCME on October 1, 2014, but the Court cannot discern what became of that grievance. Plaintiff attaches the first page of an order by the Illinois Labor Relations Board, but that document is incomplete and lacks a date.